UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JOANN K. WALL-BEER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:25-CV-567-HAB |
| | ) | |
| FIRST NATIONAL ACCEPTANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff JoAnn Wall-Beer, proceeding pro se, filed a Civil Complaint (ECF No. 1) against Defendant First National Acceptance Company, attaching an Emergency Motion (ECF No. 1-1). Wall-Beer also filed a Motion to Proceed *in forma pauperis* (ECF No. 2). For the reasons set forth below, Wall-Beer's Motion is DENIED. Wall-Beer's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**A.   Discussion**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a).

The inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the...claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

Wall-Beer's Complaint and Emergency Motion request that this Court consolidate several state-court actions into one federal action and "declare as void any entered Default Judgment,

Summary Judgment, and any Improper Order" entered by the state courts.[1] Emergency Mot. at 1. Wall-Beer makes numerous complaints regarding these state-court cases she is involved in, alleging attorney malpractice and misconduct and generally alluding to "civil rights violations," conspiracy, and extortion. However, Wall-Beer's Complaint does not identify any federal cause of action, nor does it allege facts from which a federal cause of action is evident. Instead, the Complaint appears to be a collateral attack against the state-court proceedings. Under the *Rooker-Feldman* Doctrine, this Court does not have jurisdiction to review or reverse orders issued in state court or state administrative proceedings. *See Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010); *Lewis v. Anderson*, 308 F.3d 768, 771–72 (7th Cir. 2002). In essence, the *Rooker-Feldman* doctrine "prevents a state-court loser from bringing suit in federal court in order to effectively set aside the state-court judgment." *Gilbert*, 591 F.3d at 900. The doctrine applies "even though the state court judgment might be erroneous or even unconstitutional." *Id.* "[A] plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993). A federal court is free to entertain claims that are independent of any state court proceedings. *Gilbert*, 591 F.3d at 900. Here, however, the Court cannot discern any such independent claims from Wall-Beer's Complaint—at least not any that give fair notice of what the claim is and the grounds upon which it rests.

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where any amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (citing *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994)). Here, because the Court cannot interfere with state-court judgments, any amendment

---

[1] The Complaint itself contains no factual allegations or legal claims, but rather refers the Court to the attached Emergency Motion. The Court, therefore, construes the Emergency Motion as part of the Complaint.

would be futile. Accordingly, the Court dismisses the Complaint for failure to state a claim upon which relief can be granted. Given the foregoing, Wall-Beer's request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the foregoing reasons, the Court:

(1)   DENIES Wall-Beer's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2),

(2)   DENIES Wall-Beer's Emergency Motion (ECF No. 1-1), and

(3)   DISMISSES the Complaint (ECF No. 1).


SO ORDERED on October 29, 2025.

                                                   s/ Holly A. Brady
                                                   JUDGE HOLLY A. BRADY
                                                   UNITED STATES DISTRICT COURT